IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. JONES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1441-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher M. Jones, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1993, petitioner was convicted of murder and sentenced to 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Jones v. State*, No. 07-93-00405-CR (Tex. App.--Amarillo, Apr. 27, 1995, no pet.). Petitioner also filed applications for post-conviction relief in state and federal court. The state writ was denied without written order. *Ex parte Jones*, No. W93-58136 (Tex. Crim. App. Apr. 30, 2003). His federal writ was denied on the merits. *Jones v. Dretke*, No. 3-04-CV-0676-L, 2004 WL 912634 (N.D. Tex. Apr. 28, 2004), *rec. adopted*, 2004 WL 1124674 (N.D. Tex. May 19, 2004).

Petitioner now seeks federal habeas relief for a second time. In three grounds for relief, petitioner contends that: (1) the state habeas court refused to conduct a hearing on his ineffective assistance of counsel claim; (2) newly discovered evidence establishes that he received ineffective assistance of counsel; and (3) he was denied due process on state collateral review. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE